Hon. _____

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
## AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ON BEHALF OF THE UNITED STATES DEPARTMENT OF THE INTERIOR; STATE OF WASHINGTON THROUGH THE WASHINGTON DEPARTMENT OF ECOLOGY; JAMESTOWN S'KLALLAM TRIBE; LOWER ELWHA KLALLAM TRIBE; PORT GAMBLE S'KLALLAM TRIBE; SKOKOMISH INDIAN TRIBE; and SUQUAMISH INDIAN TRIBE OF THE PORT MADISON RESERVATION,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>POPE RESOURCES, a DELAWARE LIMITED PARTNERSHIP; OPG PROPERTIES LLC; and OPG PORT GAMBLE LLC,<br><br>　　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. 3:24-cv-5470<br><br>CIVIL COMPLAINT |

COMPLAINT                                    - 1 -                  UNITED STATES DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
P.O. Box 7611, Washington, DC 20044
202-514-5270

1    Plaintiffs the United States of America ("United States"), on behalf of the United States

2    Department of the Interior ("DOI"); the State of Washington ("State") through the Washington

3    State Department of Ecology; the Jamestown S'Klallam Tribe; the Lower Elwha Klallam Tribe;

4    the Port Gamble S'Klallam Tribe; the Skokomish Indian Tribe; and the Suquamish Indian Tribe

5    of the Port Madison Reservation ("Suquamish Indian Tribe") (collectively the "Tribes"), allege

6    as follows:

7                    **I.       GENERAL ALLEGATIONS**

8       1.      This is a civil action under the Comprehensive Environmental Response,

9    Compensation and Liability Act of 1980, as amended ("CERCLA"), 42 U.S.C. § 9607(a); the

10   Model Toxics Control Act ("MTCA"), Wash. Rev. Code § 70A.305.040(2); and the Clean Water

11   Act ("CWA"), 33 U.S.C. § 1321(f), against Pope Resources, a Delaware Limited Partnership;

12   OPG Properties LLC; and OPG Port Gamble LLC (collectively "Defendants"), for damages for

13   injury to, loss, or destruction of natural resources resulting from the release of hazardous

14   substances into Port Gamble Bay, located in Kitsap County, Washington.

15                   **II.      JURISDICTION AND VENUE**

16      2.      This Court has jurisdiction over this case pursuant to 42 U.S.C. §§ 9607, 9613(b);

17   33 U.S.C. § 1321(n); and 28 U.S.C. §§ 1331, 1345, 1362, 1367(a).

18      3.      Venue is proper in this district pursuant to 42 U.S.C. § 9613(b) and 28 U.S.C. §

19   1391(b), (c).

20                        **III.    PLAINTIFFS**

21      4.      Pursuant to the CWA, 33 U.S.C. § 1321(f)(5), and 40 C.F.R. § 300.600, DOI is a

22   trustee for certain natural resources in Port Gamble Bay.

COMPLAINT                          - 2 -    UNITED STATES DEPARTMENT OF JUSTICE
                                            Environment and Natural Resources Division
                                            P.O. Box 7611, Washington, DC 20044
                                            202-514-5270

1   5.  Pursuant to CERCLA, 42 U.S.C. § 9607(f), the CWA, 33 U.S.C. § 1321(f)(5), 40

2 C.F.R. § 300.605, and Wash. Rev. Code § 70A.305.040(2), the State of Washington is a trustee

3 for certain natural resources in Port Gamble Bay.

4   6.  Pursuant to CERCLA, 42 U.S.C. § 9607(f), and 40 C.F.R. § 300.610, the

5 Jamestown S'Klallam Tribe is trustee for certain natural resources in Port Gamble Bay.

6   7.  Pursuant to CERCLA, 42 U.S.C. § 9607(f), and 40 C.F.R. § 300.610, the Lower

7 Elwha Klallam Tribe is trustee for certain natural resources in Port Gamble Bay.

8   8.  Pursuant to CERCLA, 42 U.S.C. § 9607(f), and 40 C.F.R. § 300.610, the Port

9 Gamble S'Klallam Tribe is trustee for certain natural resources in Port Gamble Bay.

10   9.  Pursuant to CERCLA, 42 U.S.C. § 9607(f), and 40 C.F.R. § 300.610, the

11 Skokomish Indian Tribe is trustee for certain natural resources in Port Gamble Bay.

12   10.  Pursuant to CERCLA, 42 U.S.C. § 9607(f), and 40 C.F.R. § 300.610, the

13 Suquamish Indian Tribe is trustee for certain natural resources in Port Gamble Bay.

14   11.  Each trustee for natural resources identified in this section ("Trustee") is a

15 member of the Port Gamble Bay Natural Resource Trustee Council ("Trustee Council"). All

16 members of the Trustee Council serve as trustees for the assessment and recovery of damages for

17 injury to, destruction of, loss of and/or loss of use of natural resources and/or the services

18 provided by those resources under their trusteeship.

19     **IV. INJURIES TO NATURAL RESOURCES**

20   12.  For purposes of this complaint, Port Gamble Bay means any portion of Port

21 Gamble Bay below the ordinary high water mark (including the intertidal and subtidal areas and

22 bottom sediments) in Kitsap County, Washington that is shown in the map attached as Appendix

COMPLAINT       - 3 -  UNITED STATES DEPARTMENT OF JUSTICE
                     Environment and Natural Resources Division
                     P.O. Box 7611, Washington, DC 20044
                     202-514-5270

1   A. Port Gamble Bay is a "navigable water" within the meaning of the CWA, 33 U.S.C. §§

2   1321(b)(3) and 1362(7).

3          13.    Pope and Talbot, Inc. ("P&T") continuously operated a sawmill on uplands and

4   tidelands adjacent to Port Gamble Bay (the "sawmill area") from approximately 1853 to 1995.

5   Logs for the mill were stored, rafted and sorted in-water throughout the Bay (the "in-water

6   area"). These areas are identified in the map attached as Appendix B to this complaint.

7          14.    In 1985, P&T transferred ownership of the sawmill area to Defendant Pope

8   Resources ("Pope"). P&T continued wood products manufacturing at the sawmill and in-water

9   areas under a lease with Pope until 1995, when the sawmill closed and log rafting ceased.

10  Defendant OPG Properties LLC ("OPG Properties") managed the sawmill area until 2020, when

11  ownership was transferred to Defendant OPG Port Gamble LLC ("OPG Port Gamble"), which is

12  the current owner of the sawmill area.

13         15.    There were releases and discharges of hazardous substances to Port Gamble Bay

14  over many decades from the sawmill and in-water areas adjacent to, and in, Port Gamble Bay.

15  These releases continued until at least 2015.

16         16.    Port Gamble Bay is contaminated with a variety of hazardous substances,

17  including, but not limited to, polychlorinated dibenzodioxins and furans ("dioxins"),

18  polychlorinated biphenyls ("PCBs"), organochlorine pesticides and related products, polycyclic

19  aromatic hydrocarbons ("PAHs"), metals (including lead, mercury, copper, chromium, and

20  arsenic), volatile and semivolatile organic compounds (including 4-methylphenol), perchlorate,

21  herbicides, organic solvents, antifouling agents such as tributyltin and other butyltins, and wood

22  waste degradation products (including phenol, benzoic acid, hydrogen sulfide and ammonia).

COMPLAINT                          - 4 -     UNITED STATES DEPARTMENT OF JUSTICE
                                             Environment and Natural Resources Division
                                             P.O. Box 7611, Washington, DC 20044
                                             202-514-5270

1    17.    Hazardous substances have been released and discharged into Port Gamble Bay

2    from the sawmill and in-water areas owned and/or operated by Defendants, and those hazardous

3    substances have caused injury to, destruction of, loss of and/or loss of use of natural resources in

4    Port Gamble Bay under Plaintiffs' trusteeship, including fish, shellfish, invertebrates, birds,

5    surface water and sediments, and resources of cultural significance. Each Trustee and the public

6    have suffered the loss of natural resource services (including ecological services as well as direct

7    and passive human use losses) as a consequence of those injuries.

8                                    **V.    DEFENDANTS**

9    18.    As described above, Defendant OPG Port Gamble is a current owner and/or

10    operator of, and Defendants Pope and OPG Properties formerly owned and/or operated, areas

11    identified in Appendix B to this complaint, from which there have been releases and discharges

12    of hazardous substances to Port Gamble Bay.

13    19.    At all times relevant to this complaint, Defendants have operated and done

14    business in this district.

15    20.    Defendants are each a "person" within the meaning of CERCLA, 42 U.S.C.

16    § 9601(22), the CWA, 33 U.S.C. § 1362(5), and MTCA, Wash. Rev. Code § 70A.305.020(24).

17                          **VI.    FIRST CLAIM FOR RELIEF**

18    21.    Plaintiffs the State and the Tribes reallege paragraphs 1 through 20.

19    22.    CERCLA, 42 U.S.C. § 9607(a), provides in pertinent part as follows:

20           Notwithstanding any other provision or rule of law, and subject
21           only to the defenses set forth in subsection (b) of this section— (1)
22           the owner and operator of a vessel or a facility, [and] (2) any
23           person who at the time of disposal of any hazardous substance
24           owned or operated any facility at which such hazardous substances
25           were disposed of, …shall be liable for— . . . (C) damages for

COMPLAINT                              - 5 -      UNITED STATES DEPARTMENT OF JUSTICE
                                                  Environment and Natural Resources Division
                                                  P.O. Box 7611, Washington, DC 20044
                                                  202-514-5270

1
2
3

injury to, destruction of, or loss of natural resources, including the
reasonable costs of assessing such injury, destruction, or loss
resulting from such a release; . . .

4      23.     The areas owned and operated, or formerly owned and operated, by Defendants,

5   identified in Appendix B, are "facilities" within the meaning of Section CERCLA, 42 U.S.C.

6   § 9601(9).

7      24.     Materials disposed of and released to Port Gamble Bay from Defendants'

8   facilities include, but are not limited to, dioxins, PCBs, organochlorine pesticides and related

9   products, PAHs, metals, volatile and semivolatile organic compounds, perchlorate, herbicides,

10   organic solvents, antifouling agents, and wood waste degradation products, which are "hazardous

11   substances" within the meaning of CERCLA, 42 U.S.C. § 9601(14).

12      25.     Releases of hazardous substances have occurred in Port Gamble Bay from the

13   facilities owned and operated, or formerly owned and operated, by Defendants within the

14   meaning of CERCLA, 42 U.S.C. § 9601(22).

15      26.     These releases have resulted in injury to, destruction of, or loss of natural

16   resources within the trusteeship of the State and the Tribes.

17      27.     Defendants are jointly and severally liable to the State and the Tribes for natural

18   resource damages resulting from releases of hazardous substances pursuant to CERCLA, 42

19   U.S.C. § 9607(a)(4)(C).

20                       **VII.    SECOND CLAIM FOR RELIEF**

21      28.     Plaintiffs the United States and the State reallege paragraphs 1 through 20.

22      29.     The CWA, 33 U.S.C. § 1321(b)(3), provides in pertinent part as follows:

23
24

The discharge of oil or hazardous substances (i) into or upon the
navigable waters of the United States, adjoining shorelines, or into

COMPLAINT                                      - 6 -      UNITED STATES DEPARTMENT OF JUSTICE
                                                          Environment and Natural Resources Division
                                                          P.O. Box 7611, Washington, DC 20044
                                                          202-514-5270

1    or upon the waters of the contiguous zone . . . or which may affect
2    natural resources belonging to, appertaining to, or under the
3    exclusive management authority of the United States . . . in such
4    quantities as may be harmful as determined by the President under
5    paragraph (4) of this subsection, is prohibited . . . .

6    30.    The CWA, 33 U.S.C. § 1321(f)(2), provides in pertinent part as follows:

7    Except where an owner or operator of an onshore facility can
8    prove that a discharge was caused solely by (A) an act of God, (B)
9    an act of war, (C) negligence on the part of the United States
10   Government, or (D) an act or omission of a third party without
11   regard to whether an such act or omission was or was not
12   negligent, or any combination of the foregoing clauses, such owner
13   or operator of any such facility from which oil or a hazardous
14   substance is discharged in violation of subsection (b)(3) of this
15   section shall be liable to the United States Government for the
16   actual costs incurred under subsection (c) of this section for the
17   removal of such oil or substance by the United States Government
18   . . . .

19   31.    The CWA, 33 U.S.C. § 1321(f)(3), provides in pertinent part as follows:

20   Except where an owner or operator of an offshore facility can
21   prove that a discharge was caused solely by (A) an act of God, (B)
22   an act of war, (C) negligence on the part of the United States
23   Government, or (D) an act or omission of a third party without
24   regard to whether any such act or omission was or was not
25   negligent, or any combination of the foregoing clauses, such owner
26   or operator of any such facility from which oil or a hazardous
27   substance is discharged in violation of subsection (b)(3) of this
28   section shall, notwithstanding any other provision of law, be liable
29   to the United States Government for the actual costs incurred under
30   subsection (c) for the removal of such oil or substance by the
31   United States Government . . . .

32   32.    The CWA, 33 U.S.C. § 1321(f)(4), provides in pertinent part as follows:

33   The costs of removal of oil or a hazardous substance for which the
34   owner or operator of a vessel or onshore or offshore facility is
35   liable under subsection (f) of this section shall include any costs or
36   expenses incurred by the Federal Government or any State
37   government in the restoration or replacement of natural resources

COMPLAINT                            - 7 -     UNITED STATES DEPARTMENT OF JUSTICE

1  damaged or destroyed as a result of a discharge of oil or a
2  hazardous substance in violation of subsection (b) of this section.

3  33.  The areas owned and operated, or formerly owned and operated, by Defendants,

4  identified in Appendix B, are "onshore facilities" and "offshore facilities" within the meaning of

5  the CWA, 33 U.S.C. § 1321(f)(2), (f)(3).

6  34.  There have been discharges of "hazardous substances" within the meaning of the

7  CWA, 33 U.S.C. § 1321(a)(14), including but not limited to phenol and benzoic acid, in harmful

8  quantities, from the identified facilities into Port Gamble Bay and adjoining shorelines.

9  35.  Discharges of hazardous substances from the identified facilities into Port Gamble

10  Bay and adjoining shorelines have affected, damaged, or destroyed natural resources belonging

11  to, appertaining to, or under the exclusive management authority of the United States.

12  36.  Defendants are jointly and severally liable to the United States and the State for

13  natural resource damages resulting from discharges of hazardous substances into Port Gamble

14  Bay and adjoining shorelines pursuant to the CWA, 33 U.S.C. § 1321(f).

15  **VIII.   THIRD CLAIM FOR RELIEF**

16  37.  Plaintiff the State realleges paragraphs 1 through 20.

17  38.  MTCA, Wash. Rev. Code 70A.305.040, provides in pertinent part as follows:

18  (1) Except as provided in subsection (3) of this section, the
19  following persons are liable with respect to a facility:
20  (a) The owner or operator of the facility; [and]
21  (b) Any person who owned or operated the facility at the
22  time of disposal or release of the hazardous substances;
23  [. . .]
24  (2) Each person who is liable under this section is strictly liable,
25  jointly and severally, for . . . all natural resource damages resulting
26  from the releases or threatened releases of hazardous substances.

COMPLAINT                                      - 8 -     UNITED STATES DEPARTMENT OF JUSTICE
                                                         Environment and Natural Resources Division
                                                         P.O. Box 7611, Washington, DC 20044
                                                         202-514-5270

39.     Materials listed in paragraphs 24 and 34, above, that were disposed of and released in Port Gamble Bay from the areas owned or operated, or formerly owned or operated, by Defendants, identified in Appendix B, include "hazardous substances" within the meaning of Wash. Rev. Code § 70A.305.020(13).

40.     The identified areas are "facilities" within the meaning of Wash. Rev. Code § 70A.305.020(8).

41.     Releases of hazardous substances have occurred in Port Gamble Bay within the meaning of Wash. Rev. Code §§ 70A.305.020(32), 70A.305.040(2).

42.     The natural resources that have been and continue to be injured, destroyed, or lost by the release of hazardous substances from the identified facilities include fish, shellfish, invertebrates, birds, surface water and sediments, and other such natural resources.

43.     The State has incurred and continues to incur costs related to the assessment of injury to natural resources caused by the releases of hazardous substances from the identified facilities.

44.     Pursuant to Wash. Rev. Code § 70A.305.040(2), Defendants are strictly liable, jointly and severally, to the State for all damages to natural resources in Port Gamble Bay, resulting from the release of hazardous substances at or from Defendants' identified facilities.

## IX.     REQUEST FOR RELIEF

WHEREFORE, Plaintiffs request that this Court enter judgment against Defendants:

(1)     For damages for injury to natural resources resulting from the discharges and releases of hazardous substances in Port Gamble Bay and adjoining shorelines, including the cost of assessing such damages; and

1    (2)    Awarding Plaintiffs such other and further relief as this Court may deem

2    appropriate.

3    Dated: June 13, 2024                    UNITED STATES OF AMERICA

4
5                                            TODD KIM
6                                            Assistant Attorney General
7                                            Environment & Natural Resources Division
8                                            U.S. Department of Justice
9                                            Washington, D.C.  20530
10
11                                           TESSA M. GORMAN
12                                           United States Attorney
13                                           Western District of Washington
14
15
16                                              s/ *Danica A. Glaser*
17                                           DANICA ANDERSON GLASER (DC #1005853)
18                                           Senior Counsel
19                                           Environmental Enforcement Section
20                                           Environment and Natural Resources Division
21                                           United States Department of Justice
22                                           P.O. Box 7611, Ben Franklin Station
23                                           Washington, D.C. 20044-7611
24                                           202-514-5270
25                                           danica.glaser@usdoj.gov
26
27
28                                           STATE OF WASHINGTON
29
30                                           BOB FERGUSON
31                                           Attorney General
32
33
34                                              s/ *Jonathan Thompson*
35                                           JONATHAN THOMPSON, WSBA No. 26375
36                                           Assistant Attorney General
37                                           State of Washington
38                                           2425 Bristol Court S.W.
39                                           P.O. Box 40117
40                                           Olympia, WA 98504-0117
41                                           (360) 586-6740
42

COMPLAINT                        - 10 -    UNITED STATES DEPARTMENT OF JUSTICE
                                           Environment and Natural Resources Division
                                           P.O. Box 7611, Washington, DC 20044
                                           202-514-5270

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44

JAMESTOWN S'KLALLAM TRIBE


      s/ *Lauren Rasmussen*
LAUREN RASMUSSEN, WSBA # 33256
Law Office of Lauren P. Rasmussen PLLC
1215 - Fourth Avenue, Suite 1350
Seattle, WA  98161
(206) 623-0900
lauren@rasmussen-law.com

      *Attorney for the Jamestown S'Klallam Tribe*


LOWER ELWHA KLALLAM TRIBE


      s/ *Julia Guarino*
Julia Guarino, WSBA No. 59760
Senior Associate Tribal Attorney
Office of the Tribal Attorney
Lower Elwha Klallam Tribe
2851 Lower Elwha Road
Port Angeles, WA 98363
julia.guarino@elwha.org
office: (360) 452-8471 x 7487
direct: (360) 504-3003
cell: (360) 460-1285

      *Attorney for the Lower Elwha Klallam Tribe*


PORT GAMBLE S'KLALLAM TRIBE


      s/ *Steven D. Moe*
Steven D. Moe, WSBA No. 41123
Legal Department
PORT GAMBLE S'KLALLAM TRIBE
31912 Little Boston Rd. NE
Kingston, WA 98346
(360) 297-6242
smoe@pgst.nsn.us

COMPLAINT                           - 11 -        UNITED STATES DEPARTMENT OF JUSTICE
                                                  Environment and Natural Resources Division
                                                  P.O. Box 7611, Washington, DC 20044
                                                  202-514-5270

| | |
|---|---|
| 1 | *s/ Reed C. Bienvenu* |
| 2 | Reed C. Bienvenu (*Pro Hac Vice Application Forthcoming*) |
| 3 | KANJI & KATZEN, P.L.L.C. |
| 4 | 811 1st Avenue, Suite 630 |
| 5 | Seattle, WA 98104 |
| 6 | (206) 344-8100 |
| 7 | rbienvenu@kanjikatzen.com |
| 8 | |
| 9 | *Counsel for the Port Gamble S'Klallam Tribe* |
| 10 | |
| 11 | |
| 12 | SKOKOMISH INDIAN TRIBE |
| 13 | |
| 14 | |
| 15 | *s/ Earle D. Lees* |
| 16 | Earle D. Lees, WSBA No. 30017 |
| 17 | Skokomish Tribal Attorney |
| 18 | Skokomish Legal Department |
| 19 | N. 80 Tribal Center Road |
| 20 | Skokomish, WA 98584 |
| 21 | 360.877.2100 |
| 22 | elees@skokomish.org |
| 23 | |
| 24 | *Attorney for the Skokomish Indian Tribe* |
| 25 | |
| 26 | |
| 27 | SUQUAMISH INDIAN TRIBE |
| 28 | |
| 29 | |
| 30 | *s/ Maryanne E. Mohan* |
| 31 | Maryanne E. Mohan, WSBA #47346 |
| 32 | Office of Tribal Attorney |
| 33 | Suquamish Indian Tribe |
| 34 | P.O. Box 498 |
| 35 | Suquamish, WA 98392 |
| 36 | Telephone: (360) 394-8489 |
| 37 | mmohan@suquamish.nsn.us |
| 38 | |
| 39 | *Attorney for Suquamish Indian Tribe of the Port* |
| 40 | *Madison Reservation* |
| 41 | |
| 42 | |
| 43 | |

COMPLAINT      - 12 -      UNITED STATES DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
P.O. Box 7611, Washington, DC 20044
202-514-5270

# Appendix A



Hood Canal

Port Gamble

Point Julia

Port Gamble Bay

ISLAND

JEFFERSON

SNOHOMISH

KITSAP

KING

Seattle

Map image is the intellectual property of Esri and is used herein under license.
Copyright © 2023 Esri and its licensors. All rights reserved.





# Appendix B



DRAFT

HOOD CANAL

Town of Port Gamble

Point Julia

Upland Area of Port Gamble Bay and Mill Site (the "Mill Site")

Port Gamble Bay In-Water Area

PORT GAMBLE BAY

PROJECT AREA

Miller Lake

0                          0.5
Miles

Publish Date: 2024/01/19, 3:21 PM | User: emueller
Filepath: \\GSTFile01\GIS\Jobs\PopeResources_038B\PortGamble\Maps\Reports\Draft_Cleanup_Action_Plan\AQ_PG_Site_Vicinity_DCAP.mxd



**Figure B-2**
**Locations of Releases Resulting in Covered Natural Resource Damages**
Port Gamble Natural Resource Damage Settlement Consent Decree